THE PEOPLE *vs.* MORRISON.

The carrying of a *watch* about the person of a defendant in an execution, and a refusal by him to deliver it to the officer, is not an offence within the meaning of the statute declaring the *secreting of property*, so as to prevent its being made liable for the payment of debts, a *misdemeanor.*

THE defendant was convicted, by a court of *special sessions*, of the offence of *secreting his property with the intent to defraud his creditors*, on a prosecution commenced under the 26 § of the " act to abolish imprisonment for debt and to punish fraudulent debtors." *Statutes, ses. of* 1831, *p.* 396. The evidence upon which he was convicted was the following : A judgment was obtained against him in *justice's court* for $30, $\frac{39}{100}$, upon which an execution was issued and and delivered to a constable, who called upon the defendant, and finding no property upon which he could levy, and observing a watch in the watch pocket of the defendant, he asked the defendant if he had not a watch ; who answered that he had a watch, which he had bought and for which he had given his note for $18. The constable thereupon demanded the watch, and told the defendant if he refused to deliver it to him, he would be guilty of a misdemeanor. The defendant refused to deliver the watch to the constable, and upon this evidence he was convicted and sentenced to pay a fine of $25. The defendant sued out a *certiorari.*

*L. I. Lansing*, for the defendant, insisted that the refusal to deliver the watch to the constable was not such a *secreting of property*, within the meaning of the act, as to subject the defendant to a conviction for a *misdemeanor.* The refusal of a defendant to apply money, &c. of which he is possessed, to the payment of a judgment rendered against him, subjects him to a *warrant*, upon which he may be committed until the payment of the debt; but he cannot, for such cause, be proceeded against criminally.

*Greene C. Bronson*, (attorney general,) for the people.

ALBANY,
Jan. 1835.

Harris
v.
Warner.

*By the Court,* NELSON, J. In the application of the benign rule of law, that penal statutes must be construed strictly, the defendant ought not to have been condemned; and even without the aid of this rule, the conviction was wholly unwarranted. It is a perversion of language, and losing sight of the statute, to construe a mere refusal of a defendant to deliver property which he has about his person, a *secreting* or *disposing* of it, especially when the defendant, with the property upon him, is within the reach of the officer. The offence created by the statute, as applicable to this case, is, the *secreting* of property so as to prevent its being made liable for the payment of the debts of the defendant in the execution. The carrying of a watch about the person of the defendant was not a *secreting of property* within the meaning of the statute, and the conviction must therefore be quashed.

Conviction quashed.